STATE BANK OF ALCESTER, Appellant, v. RYAN, Respondent.

(205 N. W. 664.)

(File No. 5636. Opinion filed November 9, 1925.)

1. Compromise and Settlement—Evidence—Bills and Notes—Evidence Relating to Former Lawsuit, Which Had Been Settled by Compromise on Advice of Counsel, Held Inadmissible.

Where action had been started on notes, and defendant on advice of counsel had made settlement by giving of cash and new notes, in later action on notes given at that time it was error to admit evidence that had to do with former lawsuit and relating to mistake in believing plaintiff holder in due course.

2. Compromise and Settlement—Contracts—Settlement Effected on Compromise of Lawsuit Binding on Both Parties.

Where defendant in lawsuit, after reaching conclusion that he was liable had entered into compromise settlement, settlement thus effected was held to be binding on both parties.

Appeal from Circuit Court, Union County; Hon. John T. Medin, Judge.

Action by the State Bank of Alcester against M. B. Ryan. From an order overruling a motion for judgment notwithstanding the verdict, plaintiff appeals. Reversed, with directions.

Thomas McInerny, of Elk Point, and Caldwell & Caldwell, of Sioux Falls, for Appellant.

A. B. Carlson, of Canton, and Bogue & Bogue, of Parker, for Respondent.

(2) To point two of the opinion, Appellant cited: Continental National Bank v. McGeouch, 66 N. W. 606; Trietschke v.

Western Grain Company, 6 N. W. 427; Armigo v. Henry, 80 Pac. 305, 25 L. R. A. (N. S.) 275; McGlynn v. Scott, 4 N. D. 18, 58 N. W. 460; Rohrbacher v. Aitken (Cal.), 78 Pac. 1054; Kendall v. Rossi (R. I.), 87 Atl. 186, 45 L. R. A. (N. S.) 985; Smith v. Farra (Ore.), 28 Pac. 241, 20 L. R. A. 115; Heath v. Potlatch Lumber Company (Idaho), 108 Pac. 343, 27 L. R. A. (N. S.) 707; Fritz v. Fritz (Ia.), 118 N. W. 769; Hennessey v. Bacon, 137 U. S. 78, 34 L. ed. 605; New York Life Insurance Co. v. Crittenden, 134 Ia. 613; Schiller Piano Company v. Hyde, 181 N. W. 196.

Respondent cited: McGlynn v. Scott (N. D.), 58 N. W. 460; Griffing v. Gislason (S. D.), 109 N. W. 646; Silander v. Gronna (N. D.), 108 N. W. 544; McCaull-Webster Elevator Co. v. Steele (S. D.), 180 N. W. 782; Southern Commission Co. v. Wier (S. D.), 148 N. W. 597.

DILLON, J. This is an action brought on the following promissory note:

"$6,000.00.                                                    No. 11084.
                              "Elk Point, South Dakota,
                                    "March 15th, 1921.

"Five months after date, for value received, I jointly and severally promise to pay to the order of State Bank of Alcester six thousand dollars, with interest at 8 per cent per annum, payable annually from date until due. Principal or interest not paid when due shall bear interest at 10 per cent from due until paid. Payable at the State Bank of Alcester, Alcester, S. D., Post Office, Beresford, S. D.                    "M. B. Ryan."

On July 16, 1919, respondent herein made, executed, and delivered to the Midland Packing Company, of Sioux City, Iowa, his two promissory notes for $3,000 each, which, before maturity, were purchased from the Midland Packing Company by the appellant herein; the notes having been indorsed by one Colby, who was acting as agent for the Midland Packing Company. After the maturity of the notes appellant began an action to recover judgment on both said notes; respondent claiming he was not liable on these notes, inasmuch as said notes were indorsed by Colby, who had no authority to indorse the notes of the Midland Packing Company, thus making said notes void and conveying no

title to the Alcester State Bank, appellant herein. Appellant claimed that it was the holder in due course of said notes; that before purchasing the notes an inquiry had been directed to C. H. Burlingame, secretary and treasurer of the Midland Packing Company, as to the authority of said Colby to indorse the notes, and a letter was received, signed by the said C. H. Burlingame, stating that said Colby had the right to indorse. At the time the action was reached for trial a compromise settlement was entered into by the terms of which the respondent gave to appellant a note for $6,000 (the note now in dispute), another note for $314.40, signed by both the respondent and his attorney, and which was subsequently paid, and, in addition, respondent gave $300 in cash to appellant. The lawsuit was then caused to be dismissed, and the present action was later brought to recover on the $6,000 note given at the time of the compromise settlement. This settlement, however, became an executed agreement, and constituted an estoppel on the part of the respondent from denying liability under this stipulation made by him. A copy of the compromise settlement follows:

"State of South Dakota, County of Union, ss:  In Circuit Court. "State Bank of Alcester, a Corporation, Plaintiff, v. M. B. Ryan, Defendant.

"The above defendant having duly executed and delivered to the above-named plaintiff his certain promissory note for the sum of $6,000, dated March 15, 1921, due five months after date, drawing interest at the rate of 8 per cent per annum, and his certain promissory note for the sum of $314.40, dated March 15, 1921, due May 1, 1921, drawing interest at the rate of 8 per cent per annum, and also having paid the plaintiff the sum of $300 cash, in full settlement and satisfaction of plaintiff's cause of action herein, it is now agreed by and between the plaintiff and the defendant that this action shall be dismissed and that each party hereto pay his own costs.

"Dated March 15, 1921.

"State Bank of Alcester.
"R. F. McKellips, Presd't.
"M. B. Ryan."

The appellant bank contends that it was a holder in due course of the two notes in dispute in the first action, and that the

note now in dispute was not executed by reason of any mistake on the part of respondent or appellant. Respondent, in his complaint, pleads the same fraud and deceit as he pleaded in the former lawsuit.

The two following paragraphs taken from appellant's brief (page 82) give the material part of the instructions submitted to the jury:

"So, in this case, if there was a lawsuit pending in this court, and there was an honest dispute between the plaintiff and the defendant as to the defendant's liability on the two notes given by the defendant to the Midland Packing Company, on which the plaintiff had brought suit, and, in order to settle said lawsuit it was agreed by and between the parties that the plaintiff would dismiss said lawsuit, upon the defendant paying to the plaintiff the sum of $300 and executing a note for $314, and also executing a note for $6,000, due August 15, 1921, with interest at 8 per cent, and that in pursuance of said agreement the defendant paid to the plaintiff the sum of $300 and executed the notes in question, and the plaintiff dismissed said action, and that the parties were not acting under a mistake as to the facts in said action, and the liability of the defendant to the plaintiff on the notes given by the defendant to the Midland Packing Company, and that the plaintiff did not represent to the defendant that the plaintiff was a holder in due course of said notes, then said settlement is valid and binding upon the defendant, and your verdict should be for the plaintiff."

"On the other hand, if, in arriving at said settlement, the plaintiff represented to the defendant that the plaintiff was a holder in due course of the two notes given by the defendant to the Midland Packing Company, and both the plaintiff and the defendant believed that the plaintiff was a holder in due course of said notes so given, and that Wm. M. Colby was authorized to indorse said notes for the Midland Packing Company, and that both the plaintiff and defendant were mistaken as to the plaintiff being a holder in due course of said notes and as to the authority of Wm. Colby to indorse said notes for the Midland Packing Company, and that if the plaintiff and defendant had not believed that the plaintiff was a holder in due course of said notes and that Wm. Colby had authority to indorse said notes that the law-

suit involving said notes would not have been settled, and the defendant would not have executed the note in suit, then said note was obtained by reason of a mutual mistake, and your verdict should be for the defendant."

[1, 2] The jury returned a verdict for the defendant upon all the issues and assessed his damages at $1. We think the court erred in taking into consideration at all any testimony or evidence that had to do with the former lawsuit. The motion of the appellant to strike from the record all testimony relating to mistake should have been granted. This was all immaterial evidence. The undisputed evidence shows that the compromise settlement was effected under the advice of counsel. The court again erred in not granting appellant's motion for a new trial. It is very evident that respondent reached the conclusion that he was liable and settled the lawsuit brought against him by appellant by entering into a compromise settlement with the appellant, and this compromise settlement must be held to be binding upon both parties. Schiller Piano Co. v. Hyde, 43 S. D. 581, 181 N. W. 196.

We reach the conclusion, therefore, that the appellant bank is entitled to judgment for the amount of 6,000, with interest and costs. The order of the lower court, overruling the motion of the appellant for judgment notwithstanding the verdict, is reversed, and the trial court is directed to enter judgment accordingly.

Note.—Reported in 205 N. W. 664. See, Headnote (1), American Key-Numbered Digest, Compromise and Settlement, Key-No. 15(1), 12 C. J. Sec. 33; (2) Compromise and Settlement, Key-No. 17(2), 12 C. J. Sec. 35.